UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Mail Automation, Inc.**<br>1429 Warrington Way<br>Baltimore, OH 43105<br><br>　　　　Plaintiff,<br>　v.<br><br>**Mail Automation Corp.**<br>12590 127th Street South<br>Hastings, MN 55033<br><br>**Pat Clancy**<br>12590 127th Street South<br>Hastings, MN 55033<br><br>**John Doe 1-6**<br><br>　　　　Defendants | CASE NO.   2:22-cv-3023<br><br>JUDGE<br><br><br><br><br>JURY TRIAL DEMANDED |

**AMENDEDED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, PASSING OFF, AND DECEPTIVE BUSINESS PRACTICES**

Plaintiff Mail Automation, Inc., for its Complaint against Defendants Mail Automation Corp., Pat Clancy, and John Does 1- 6, states as follows:

1. This is an action for trademark infringement, unfair competition, passing off, and counterfeiting under the Lanham Act, 15 U.S.C. 1125(a)(1)A); and deceptive business practices under Ohio Revised Code §4165, et seq., relating to the unlawful appropriation of Plaintiff's trademark (service mark) by Defendants in their provision of mass mailing services

2. Plaintiff Mail Automation, Inc. is a Foreign For Profit Corporation,- License, 202220302850, registered in Ohio and existing elsewhere since at least 2008, with an office in

1

Baltimore, Ohio.

3. Plaintiff approves and maintains quality control over all of the goods and services bearing the trademark, and the trade dress to protect the goodwill associated with this trademark, and Plaintiff makes systematic efforts to safeguard the quality and integrity of the MAILAUTOMATIONINC.COM mark, and the public assumes that Plaintiff have approved, sponsored or endorsed all products and services bearing their service mark.

4. Defendant Mail Automation, Corp. is, upon information and belief, a corporation organized under the laws of the State of Minnesota and having a corporate headquarters in Hastings, Minnesota, doing business at 12590 127th Street South, Hastings, MN 55033.

5. Defendant Pat Clancy is, upon information and belief, the founder and a principal of Defendant Mail Automation Corp., doing business at the same location.

6. Defendants John Doe 1-6 are persons or entities, presently unknown and unknowable, who have conspired with and/or assisted with the causes of action pled in Paragraph 1, above.

7. Upon information and belief, Defendants Mail Automation Corp., and Pat Clancy do business in the same field of business as Plaintiff and operate under the mark MAILAUTOMATIONCORP.COM. Upon information and belief, Defendants are actively soliciting clients of Plaintiff, using the allegedly infringing mark.

8. Upon information and belief, Plaintiff is the senior user of the mark(s) in question by approximately 13 years

## JURISDICTION AND VENUE

9. This court has jurisdiction over Plaintiff's trademark claims under 15 U.S.C. 1125 and 28 U.S.C. 1338.

10. This court has supplemental jurisdiction over Plaintiff's state law claims, which arise as a result of Defendants' trademark-related violations, under 28 U.S.C. 1367(a).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Plaintiff's cause of action arose and Plaintiff is being injured in this judicial district, and because Defendants are subject to personal jurisdiction under O.R.C. 2307.382 (1-4, 6).

12. Defendants' unauthorized use of the Plaintiff's service mark is commercial in nature and is intended to, and will, directly compete with the lawful commercial activities of Plaintiff, to the detriment of Plaintiff.

## COUNT ONE

## UNFAIR COMPETITION AND PASSING OFF UNDER 15 U.S.C. § 1125(a)

13. Plaintiff incorporates the allegations contained in paragraphs 1 through 12 as if fully restated herein.

14. Defendants' production and sale of services bearing the service mark on services that compete directly with Plaintiff will likely cause confusion, mistake or deception on the part of persons interested in purchasing Plaintiff's services as to the origin, sponsorship or approval by Plaintiff of the Defendants' infringing services in violation of 15 U.S.C. Section 1125(a).

15. Upon information and belief, Defendants' unfair competition and passing off have been willful and deliberate, designed specifically to trade upon the consumer goodwill created and enjoyed by Plaintiff for Defendants' profit.

16. Plaintiff's consumer goodwill is of great value, and Plaintiff is suffering and will continue to suffer irreparable harm if Defendants' unfair competition and passing off as to the infringing services are allowed to continue.

17. Defendants' unfair competition and passing off will likely continue unless

3

enjoined by this Court.

18. Plaintiff is entitled to a preliminary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages, treble damages, disgorgement of profits, their, costs and attorneys' fees.

## COUNT TWO

## DECEPTIVE BUSINES PRACTICES UNDER O.R.C. 4165, et seq.

19. Plaintiff incorporates the allegations contained in paragraphs 1 through 18 as if fully restated herein.

20. Defendants, without authorization from Plaintiff, have sold, offered for sale, distributed and/or advertised services using infringing, counterfeit, or colorable imitations of Plaintiff's trademark.

21. Defendants' actions are intended to cause, have caused and are likely to continue to cause confusion, mistake and deception among consumers and the public as to whether Defendants' infringing services originate from or are affiliated with, sponsored by, or endorsed by Plaintiff. O.R.C. 4165.02(A)(1-3).

22. The goodwill of the Plaintiff's trademark is of great value, and Plaintiff is suffering and will continue to suffer irreparable harm should Defendants' deceptive business practices continue.

23. Plaintiff is entitled to injunctive relief for deceptive business practices, without proof of monetary loss. O.R.C. 4165.03(A)(1). Defendants' deceptive business practices will likely continue unless enjoined by this Court.

24. Plaintiff is entitled to monetary damages for any damages caused by the unfair

business practices of Defendants. O.R.C. 4165.03(A)(2).

## COUNT THREE

## COMMON LAW TRADEMARK INFRINGEMENT

25.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24 as if fully restated herein.

26.     Plaintiff's trademark has acquired goodwill which have been irreversibly damaged by Defendants' infringing use.

27.     Defendants have infringed upon Plaintiff's trademark without authorization in connection with Defendants' sale, offers of sale, promotion, and advertisement of their services.

28.     Defendants' deceptive use of the mark MAILAUTOMATIONCORP.COM have infringed upon Plaintiff's MAILAUTOMATIONINC.COM mark and have inevitably resulted in Defendants' being recognized as the source of such services in Plaintiff's field of "mass mailing services."

29.     The foregoing acts of Defendants constitute common law trademark infringement.


## COUNT FOUR

## COMMON LAW UNFAIR COMPETITION

30.     Plaintiff incorporates the allegations contained in paragraphs 1 through 29 as if fully restated herein.

31.     Defendants have engaged in unfair competition by making representations in their advertising for the purpose of deceiving the public about the sale of their services.

32.     Defendants have used service mark elements that are likely to cause mistake or deceive people as to Defendants' affiliation, connection of association with Plaintiff.

33. The foregoing acts of Defendants constitute unfair competition under the common law of Ohio.

34. Plaintiff have been damaged by these acts in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that the Court order:

1. The issuance of a preliminary injunction and a permanent injunction enjoining Defendants and their agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them from infringing, falsely designating the origin of the Plaintiff's trademark, and from passing off Defendants' services using Plaintiff's trademark, and/or from using the Plaintiff's trademark in commerce in any way.

2. That Defendants account to Plaintiff for their profit, their costs and attorney fees, the actual damages suffered by Plaintiff as a result of Defendants' acts of infringement, counterfeiting, unfair competition and passing off, together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of Plaintiff's known rights;

3. That Defendants surrender all merchandise that bears the Plaintiff's trademark for destruction;

4. That Defendants pay compensatory and treble damages to Plaintiff;

5. That Defendants disgorge all profits they realized from the sale of services that bears Plaintiff's trademark;

6. That Defendants pay Plaintiff's attorneys' fees, together with the costs of this suit; and

7. All other and further relief as may be just and equitable.

**Jury Demand**

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: August 3, 2022	Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

/s/ Michael J. Gallagher

---

Michael J. Gallagher (0074104)
1160 Dublin Road, Suite 400
Columbus, OH 43215
Telephone and FAX: (614) 221-7663
mgallagher@lnlattorneys.com
*Trial Attorney for Plaintiff*